```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

TIRSO SALCEDO,

                    Petitioner,

                                            05 Civ. 3497 (JGK)
     - against -
                                            OPINION AND ORDER

JOSEPH T. SMITH,
Superintendant, Shawangunk
Correctional Facility,

                    Respondent.
_____
```

**JOHN G. KOELTL, District Judge:**

This is a petition for habeas corpus pursuant to 28 U.S.C. § 2254 brought by New York State prisoner Tirso Salcedo, who is currently incarcerated at the Shawangunk Correctional Facility. Following a jury trial, the petitioner was convicted on one count of Conspiracy in the Second Degree, for which he was sentenced to an indeterminate term of imprisonment of eight and one-third to twenty-five years. After a second jury trial, the petitioner was convicted on three counts of criminal possession of a controlled substance in the first degree. He was sentenced to a term of twenty years to life, consecutive to two concurrent terms of twenty years to life, and concurrent with the previously imposed sentence.

The petitioner argues that the trial court violated his Fourth Amendment and due process rights by failing to disclose a sealed supplemental affidavit accompanying an eavesdropping application. He also argues that the primary affidavit supporting the application was insufficient to establish probable cause to justify the interception of telephonic communications.

**I.**

During the five-month period between October 1995 and February 1996, the New York Drug Enforcement Task Force ("NYDETF"), together with the New York County District Attorney's Office and the Office of the Special Narcotics Prosecutor, conducted an investigation of a cocaine trafficking organization. (Transcript dated July 15, 1998 ("July 15 Trans.") at 74.)

Pursuant to their investigation, the police obtained eavesdropping warrants. In support of their application for the warrants, the police submitted affidavits allegedly containing facts sufficient to establish probable cause, including an affidavit that was sealed because it allegedly contained information that would reveal the identities of several confidential informants.

A New York County Special Narcotics Grand Jury charged the petitioner with Conspiracy in the Second Degree (New York Penal Law § 105.15), three counts of Criminal Possession of a Controlled Substance in the First Degree (New York Penal Law § 220.21), three counts of Criminal Possession of a Controlled Substance in the Third Degree (New York Penal Law § 220.16), and Criminal Possession of a Weapon in the Third Degree (New York Penal Law § 265.02) (Special Narcotics Indictment Number 10946/96).

Prior to trial, the petitioner moved to suppress evidence derived from the wiretaps. The petitioner argued that the warrants authorizing the wiretaps were improper because, among other reasons, there was insufficient probable cause for the issuance of the warrants. Justice Wittner denied the motion, noting that the primary affidavit accompanying the applications provided ample probable cause to believe that each telephone or beeper was being used in the furtherance of the conspirators' narcotics business, even without consideration of the sealed supplemental affidavit. (Decision of Justice Wittner denying Defendant's Motion to Suppress ("Motion to Suppress") at 3, attached at Ex. A to Declaration of Laurie M. Israel in Opposition to Petition for a Writ of Habeas Corpus, dated Nov. 9, 2005 ("Israel Decl.").) Justice

3

Wittner further noted that the protective order sealing the supplemental affidavit was properly granted pursuant to proper state procedures.  (Id.)

Following an initial trial before Justice Wittner and a jury, the jury found the petitioner not guilty of the weapons charge and did not reach a verdict on the other counts.  Justice Wittner declared a mistrial.  The petitioner proceeded to trial again before Justice Wittner and a jury.  The jury convicted the petitioner of second-degree conspiracy but did not reach a verdict on the first- or third-degree possession charges.  Justice Wittner again declared a mistrial as to the possession charges and, on April 23, 1998, sentenced the petitioner to a term of imprisonment of between eight and one-third to twenty-five years.  The petitioner then proceeded to trial on the three first-degree possession charges before Justice Wetzel and a jury.  The jury convicted the petitioner as charged. Justice Wetzel sentenced the petitioner to a term of twenty years to life, consecutive to two concurrent terms of twenty years to life, and concurrent to the previously imposed sentence.

On appeal to the New York State Supreme Court, Appellate Division, First Department, the petitioner raised several issues, only one of which is relevant to the

current petition, namely, whether the face of the initial affidavit in support of the eavesdropping warrant established probable cause and, if not, whether suppression was required as a matter of law because of the failure to disclose the supplemental affidavit. (Brief for Defendant-Appellant to Appellate Division, First Department dated Aug. 2002, attached at Ex. B to Israel Decl. at 22-30.) The Appellate Division affirmed the convictions on October 7, 2003. See People v. Salcedo, 765 N.Y.S.2d 499 (App. Div. 2003). With respect to the eavesdropping claim, the Court held that the petitioner's "motion to suppress evidence acquired from eavesdropping was properly denied. The application established the informants' reliability as well as the basis of their knowledge." Id. at 543 (citations omitted). The court also held that "[t]he court followed proper procedures with respect to a sealed supplemental affidavit, and defendant was not entitled to disclosure." Id. (citations omitted).

The petitioner applied to the New York Court of Appeals for leave to appeal the decision of the Appellate Division. (See Letter Seeking Leave to Appeal, attached at Ex. F to Israel Decl., at 2-8.) In his letter seeking leave to appeal, the petitioner reiterated the arguments contained in his brief to the Appellate Division. (Id.)

On February 24, 2004, the Honorable Albert M. Rosenblatt denied leave to appeal.  See People v. Salcedo, 808 N.E.2d 1291 (N.Y. 2004).

**II.**

The petitioner argues that, apart from the undisclosed supplemental affidavit, there was insufficient evidence to establish probable cause to justify the wiretaps. Specifically, he complains that facts supporting the reliability of the confidential informants' information were contained only in the sealed supplemental affidavit. Because the trial court failed either to disclose the supplemental affidavit or to suppress any evidence obtained by means of the allegedly illegal warrant, the petitioner argues that the court violated his due process and Fourth Amendment rights.

This claim cannot be considered in a petition for a writ of habeas corpus.  The law is well settled that "where the State has provided an opportunity for full and fair litigation of the Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at

his trial." Stone v. Powell, 428 U.S. 465, 481-82 (1976).[1] Moreover, the Court of Appeals for the Second Circuit has recognized that "[i]n Stone all the Court required was that the state have provided the opportunity to the state prisoner for full and fair litigation of the Fourth Amendment Claim...." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (emphasis in original). Accordingly, the Court of Appeals has developed a standard to discern when a state prisoner has been denied that opportunity. See Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992). Collateral review of Fourth Amendment claims in habeas petitions is only appropriate in one of two instances: 1) if the state provides no corrective procedures at all to redress Fourth Amendment violations; or 2) where the state provides the process but in fact the defendant is precluded

---

[1] The petitioner has described his claim as a violation of both his Fourth Amendment and due process rights. In his briefs, the petitioner relies solely on the contention that the evidence in this case was obtained through court orders that were invalid because they were not supported by probable cause, a Fourth Amendment argument that falls squarely under Stone. The petitioner does not attempt to argue that that, because he has joined an alleged due process violation to an alleged Fourth Amendment violation, Stone should not apply. Such an argument would be futile because, in determining whether a claim is barred by Stone, a Court should analyze the substance of the claim. If the substance of the claim is a Fourth Amendment claim, Stone applies even if the claim is also characterized as a due process claim. See Gilmore v. Marks, 799 F.2d 51, 57 (3d Cir. 1986); Ferron v. Goord, 255 F. Supp. 2d 127, 132-33 (W.D.N.Y. 2003); Connolly v. Artuz, No. 93 CV 4470, 1995 WL 561343, at *6 (E.D.N.Y. Sep. 15, 1995); Herrerra v. Kelly, 667 F. Supp. 963, 970 (E.D.N.Y. 1987).

7

from using it by reason of an unconscionable breakdown in that process. Capellan, 975 F.2d at 70; McPhail v. Warden, Attica Correctional Facility, 707 F.2d 67, 70 (2d Cir. 1983); Gates, 568 F.2d at 840.

New York clearly affords the requisite corrective procedures to redress Fourth Amendment challenges through N.Y. Crim. Proc. Law § 710.10 et. seq. (permitting a criminal defendant to file a pre-trial motion to suppress any evidence unlawfully seized). The courts in this circuit have expressly approved New York's procedure for litigating Fourth Amendment claims as being facially adequate. See Capellan, 975 F.2d at 70 n.1 (quoting Holmes v. Scully, 706 F. Supp. 195, 201 (E.D.N.Y. 1989)); see also Gates, 568 F.2d at 836 n.4. Here, the petitioner used the available corrective procedures when he moved to suppress evidence derived from the wiretaps, arguing that the authorizing warrants were issued in the absence of probable cause. (Decision of Justice Wittner denying Defendant's Motion to Suppress, Ex. A to Israel Decl., at 2-3.) That argument was rejected by the trial court. He reiterated that argument on appeal and it was rejected by the Appellate Division, First Department. He raised the argument again to the New York Court of Appeals, but leave to appeal was denied.

The petitioner argues that the failure of the trial court and the Appellate Division to make a crucial finding as to the existence of probable cause on the face of the primary affidavit indicates an "unconscionable breakdown" warranting federal relief. See Gates, 568 F.2d at 840. In support of his argument, the petitioner relies on Tukes v. Dugger, a case from the Court of Appeals for the Eleventh Circuit that held that the failure of the trial court to make explicit findings with regard to the Fourth Amendment issue, coupled with a summary affirmance by a state appellate court, precluded the conclusion that the state provided the meaningful appellate review necessary to erect a Stone v. Powell bar to collateral review of the claim. See Tukes v. Dugger. 911 F.2d 508, 514 (11th Cir. 1990). The petitioner's reliance on Tukes is misplaced. In Capellan, the Court of Appeals for the Second Circuit expressly disapproved Tukes, noting that the Court of Appeals has no power to require state courts to issue a particular type of opinion every time a prisoner presents a federal claim. Capellan, 975 F.2d at 71-72.

In any event, the trial court did rule on the issue in question and the Appellate Division issued a reasoned decision rejecting the petitioner's claim. The petitioner's motion to suppress with respect to the

eavesdropping warrants based on a lack of probable cause was denied by Justice Wittner. She specifically found that the primary affidavit submitted in support of the application for the wiretaps was sufficient to establish probable cause even without consideration of the sealed supplemental affidavit. (Decision of Justice Wittner denying Defendant's Motion to Suppress, Ex. A to Israel Decl., at 3.) The Appellate Division affirmed, explicitly finding that "the application established the informants' reliability as well as the basis for their knowledge." Salcedo, 765 N.Y.S.2d at 499. The Appellate Division also found that the trial court "followed proper procedures with respect to [the] sealed supplemental affidavit, and [the petitioner] was not entitled to disclosure." Id.

The petitioner has failed to demonstrate an "unconscionable breakdown" in the corrective process, showing only that he disagreed with the ultimate outcome of the Fourth Amendment litigation in the state courts. However, "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." Capellan, 975 F.2d at 72.

It is clear in this case that a corrective procedure existed in the state courts for the petitioner to redress

his alleged Fourth Amendment claim. It is equally clear that there was no unconscionable breakdown in that procedure. Accordingly, this Court is barred from reviewing the petitioner's claim.

## CONCLUSION

For the reasons explained above, the petition for habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**. The Court declines to issue a certificate of appealability because the petitioner has failed to make a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253. The Clerk of the Court is directed to enter judgment dismissing the petition and closing this case.

**SO ORDERED**

Dated: New York, New York
June 13, 2006

_____
John G. Koeltl
United States District Judge

11